**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

MARCUS L. HUDSON,                          )
                                           )
                        Plaintiff,         )
            vs.                            )        1:07-cv-1147-DFH-JMS
                                           )
INDIANA PAROLE BOARD, et. al.,             )
                                           )
                        Defendant.         )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's request to proceed *in forma pauperis* is **granted.** He is assessed an initial partial filing fee of $4.53. He shall have **through October 25, 2007,** in which to pay this sum to the clerk of the district court.

2.      The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief can be **granted.** *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)(a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The reasons for this ruling are following: The Indiana Parole Board is an agency of the State of Indiana and hence not a "person" subject to suit pursuant to 42 U.S.C. § 1983. In addition, the Indiana Parole Board is entitled to Indiana's Eleventh Amendment immunity under the circumstances of this case and there is, in fact, no coherent allegation of wrongdoing by the Parole Board, even if it was subject to suit in this court. As to the other defendant, the Community Transition Program, this too is not a "person" subject to suit under § 1983, and for that reason alone the claim against it must be dismissed.

3.      The court does not direct the entry of final judgment at this time, however. Instead, the plaintiff shall have a period of time, **through November 1, 2007,** in which to file an amended complaint setting forth, if it is possible, a viable claim for relief based on the assignment to the Community Transition Program and his mistreatment in that program as alleged in the complaint. If an amended complaint is filed it will entirely replace and supersede the original complaint. If an amended complaint is filed it will also be subject to screening pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed as just directed, the court will direct the entry of final judgment consistent with its analysis and conclusion in paragraph 2 of this Entry.

4.     The plaintiff's motion for the appointment of counsel is **denied.** The reason for this ruling is that the issues presented by his claims are neither complex nor meritorious, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo,* 891 F.2d at 1262 ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak").

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   October 9, 2007
        _____

Distribution:

Marcus L. Hudson
#129222
Miami Correctional Facility
P.O. Box 900
Bunker Hill, IN 46914