UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARCUS L. HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:07-cv-1147-DFH-JMS |
| | ) | |
| CHRIS COLLINS and | ) | |
| KENNETH WHIPHER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915A(b) because it failed to state a claim upon which relief can be **granted.** *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)(a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The court did not also direct dismissal of the action or enter final judgment, but permitted the plaintiff to file an amended complaint. He has done so, and the amended complaint is also subject to the screening requirement of § 1915A(b).

2.  Through the amended complaint, the plaintiff has renewed his allegations that his participation in a prison program known as the Community Transition Program was more onerous than he anticipated. He has changed defendants, asserting this claim against individuals. Although the defendants are "persons" subject to suit under 42 U.S.C. § 1983, the amended complaint also fails to state a claim upon which relief can be granted because it does not allege either the plaintiff's mistreatment (such as might be actionable under the Eighth Amendment), the denial of a protected liberty or property interest (such as might be actionable under the Fourteenth Amendment), or the violation of any other specific constitutional provision or federal statute.

       3.     The amended complaint fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (a complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). The dismissal of the action pursuant to § 1915A is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

      So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/06/07